951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Rome SCHIEBERT, Petitioner-Appellant,
v.
Jack COWLEY, Warden; and Attorney General, State of
Oklahoma, Respondents-Appellees.
 No. 91-6225.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before McKAY, Chief Judge, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Petitioner's motion for certificate of probable cause. We grant Petitioner's motion and proceed to the merits of the case.
 
 
 3
 The sole issue raised by Petitioner in this habeas corpus petition is ineffective assistance of counsel. Petitioner claims both his trial and his appellate representation were constitutionally deficient under the test set out in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Petitioner claims his trial counsel was deficient in failing to request recordation of the prosecutor's closing argument. Petitioner claims his appellate counsel was deficient in failing to raise the issue of his trial counsel's failure to request the recordation. Petitioner also contends his appellate counsel erred by failing to challenge on appeal the trial court's admittance of incriminating hearsay testimony.
 
 
 5
 The Strickland test is two-prong. First, Petitioner must show that his counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed Petitioner by the Sixth Amendment. Id. at 687. Second, Petitioner must show that the deficient performance prejudiced his defense. Id. Even assuming the omissions Petitioner complains of were errors, we agree with the district court that there was no prejudice.
 
 
 6
 We AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3